# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| MAGNUM OPUS TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 10-106C |
| v. | ) ) ) | Filed February 24, 2010 |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

      On February 23, 2010, plaintiff filed a motion to amend the Court's February 22, 2010 scheduling order to specify that, in addition to other items detailed in the order, the administrative record to be filed by defendant on March 1, 2010 shall include "[a]ll information and documents that the Contracting Officer relied upon when deciding to exercise the options of any ID/IQ contract holder, including but not limited to pricing." On February 24, 2010, counsel for defendant orally advised the Court that defendant did not oppose plaintiff's motion. The Court hereby **ORDERS** that paragraph two of the February 22, 2010 scheduling order is amended to add paragraph 2(d) requiring that the administrative record filed on March 1, 2010 shall also include "[a]ll information and documents that the Contracting Officer relied upon when deciding to exercise the options of any ID/IQ contract holder, including but not limited to pricing."

      The Court further notes that the February 22, 2010 scheduling order was not intended to provide an exhaustive list of items to be included in the administrative record. Instead, the order was intended to make clear that, at this time, the Court perceives two legal issues raised by the parties. The first is whether plaintiff's complaint constitutes a bid protest action within this Court's jurisdiction. That issue, the Court understands, will be briefed in defendant's motion to dismiss. The second issue, to which the administrative record is relevant, is whether the United States Air Force ("Air Force") violated 48 C.F.R. § 17.207 when it exercised the options at issue in this bid protest. The administrative record should contain all materials relevant to that issue. The administrative record should not be limited to materials relevant to whether the Air Force

should have exercised options on plaintiff's contract instead of the contracts of other companies, but instead, should include all materials relevant to whether the exercise of any options under the circumstances at issue in this case was in accordance with the law.

**IT IS SO ORDERED.**

                                               s/ George W. Miller
                                              GEORGE W. MILLER
                                                      Judge